```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                  :
JOSEPH DYSON,                     :   CIVIL ACTION
              Petitioner,         :
                                  :
                                  :
          v.                      :   NO. 03-4944
                                  :
THE DISTRICT ATTORNEY OF THE      :
COUNTY OF BUCKS, et al.,          :
                                  :
              Respondents.        :
_____   :
```

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

    Presently before the Court is the pro se Petition for Writ of Habeas Corpus filed by Joseph Dyson ("Petitioner") pursuant to 28 U.S.C. section 2254, the Response to the Petition, and the Traverse to the Response. The Petitioner is currently incarcerated at the State Correctional Institution located at Dallas, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be held in abeyance pending exhaustion of Petitioner's state court remedies.

I.   **FACTS AND PROCEDURAL HISTORY.**[1]

    On March 10, 1993, Petitioner entered an open guilty plea to First Degree Murder, Robbery, Possessing Instruments of Crime, Carrying a Firearm Without a License, and Criminal

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the exhibits attached to those pleadings.

Conspiracy before the Honorable Isaac S. Garb of the Court of Common Pleas of Bucks County.  Following a degree of guilt hearing, Petitioner was convicted of First Degree Murder.  He was sentenced to life imprisonment for the Murder conviction, with a concurrent term of ten to twenty years' incarceration on the remaining charges.

On March 22, 1993, post-verdict motions were filed challenging the sufficiency of evidence for the first degree murder conviction.  The motions were denied on May 28, 1993, and on June 24, 1993, a re-sentencing hearing was held and the original sentence was re-imposed.  Petitioner did not raise a direct appeal.

On July 6, 1994, Petitioner filed a pro se collateral petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq.  Over the course of the next five years, several counsel were appointed to represent Petitioner, and they filed several amended petitions.  Notes of testimony were unavailable for an extensive period of time, and then when they were finally forthcoming, they had to be corrected due to an omission of a portion of the guilty plea colloquy.  After the notes were corrected and made available to Petitioner, a hearing was held on May 6, 1999, on what was then the final amended petition.  On May 24, 1999, the PCRA court issued an opinion and order denying Petitioner's request for post-

2

conviction relief.

On June 2, 1999, Petitioner filed a notice of appeal of the denial of PCRA relief in the Pennsylvania Superior Court. On February 24, 2001, the Superior Court issued an unpublished, non-precedential memorandum opinion finding all but one of Petitioner's claims without merit. The Superior Court remanded the case to the PCRA court for a determination of whether Petitioner had ever requested that trial counsel file a direct appeal on his behalf. On April 21, 2001, the Honorable Ward F. Clark presided over a hearing on this issue. Judge Clark determined that Petitioner was entitled to relief, and reinstated Petitioner's rights to direct appeal nunc pro tunc on April 20, 2001.

On May 1, 2001, Petitioner, through new counsel, filed a notice of appeal from the judgment of sentence which had been imposed in 1993 following his guilty plea. In this appeal, Petitioner raised all the issues he previously asserted in his PCRA petition and decided by the Superior Court in its February 24, 2001 decision. On October 30, 2001, the Superior Court issued a memorandum opinion affirming the judgment of sentence of the trial court. Petitioner filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on June 12, 2002.

On August 19, 2003, Petitioner filed a pro se petition

for writ of habeas corpus in the Bucks County Court of Common Pleas.  The court treated this filing as a second PCRA petition and dismissed it as untimely without notice or a hearing on August 21, 2003.  Petitioner appealed the dismissal in the Superior Court.  On August 25, 2004, the Superior Court determined that the writ of habeas corpus was a timely first PCRA petition and remanded the case to the PCRA court for appointment of counsel and for the scheduling of a hearing or notice of intent to dismiss.

On August 30, 2004, the PCRA court filed its notice of intent to dismiss the petition.  On December 14, 2004, counsel was appointed to represent Petitioner.  On February 25, 2005, a hearing was held before the Honorable Robert J. Mellon, and on September 7, 2005, the PCRA court dismissed the petition. Petitioner filed a pro se appeal in the Superior Court.  On August 22, 2006, the Superior Court, retaining jurisdiction, remanded to the PCRA court the issue of whether Petitioner's waiver of counsel on appeal was knowing, intelligent, and voluntary.

On August 22, 2006, a hearing was held via video conference before the Honorable David W. Heckler.  On August 23, 2006, Petitioner's appointed PCRA counsel was appointed as his PCRA appellate counsel.  On February 27, 2007, counsel informed the trial court that after a review of the case and discussions

4

with Petitioner, he intended to file a "no-merit" letter as to the issues raised pursuant to Commonwealth v. Finley, 379 Pa. Super. 390, 530 A.2d 213 (1988).  Petitioner expressed his wish to proceed pro se on appeal.  On March 19, 2007, another hearing was held via video conference.  Following the hearing, the PCRA court held that the waiver of counsel was voluntary, knowing, and intelligent.

On April 4, 2007, the Superior Court granted counsel's motion to withdraw and permitted Petitioner to proceed pro se.  Petitioner was ordered to file his appellate brief no later than June 3, 2007.  A docket search on the website of the Administrative Office of Pennsylvania Courts reveals that Petitioner filed his appellate brief on June 4, 2007.  No further action has been taken on this case, which is active in the Superior Court.

On September 2, 2003, the instant Petition was filed by the Clerk of Court.  On September 14, 2004, the Honorable James T. Giles granted Petitioner's Motion to toll the AEDPA one-year time limitation period for filing federal habeas petitions.  On February 24, 2006, Judge Giles ordered this case closed for statistical purposes.  On March 14, 2007, Petitioner's Motion to reopen the habeas proceeding was granted by Judge Giles, and Petitioner was furnished with the Court's current standard form for filing a petition pursuant to 42 U.S.C. section 2254.

5

Petitioner returned the forms on March 30, 2007. On April 9, 2007, this case was referred by Judge Giles for preparation of a Report and Recommendation. Respondents note that all four of Petitioner's claims are unexhausted in the state courts.

**II.      DISCUSSION**.

With respect to the issue of exhaustion of state court remedies, Petitioner asks this Court to excuse the exhaustion requirement "because he is suffering from a breakdown in the State process that has deprived him of a meaningful opportunity to litigate his issues and such remedy has been ineffective to correct the violations of his federally protected rights." Traverse, p. 2. Petitioner contends that:

> The State process has proven itself to be an inadequate and ineffective remedy. It has denied Dyson access to a process with rights afforded to similarly situated litigants. Dyson was denied appointed counsel's assistance in amending his pro se petition and in presenting his issues in acceptable legal terms. He was also denied the required independent reasoning of the trial court for the issues which have been disposed, where the trial court improperly adopted the prosecutor's opposition brief to supply the reasoning for denying relief, without addressing the issues before the court for review.

Traverse, p. 2. Petitioner's PCRA appeal has not yet been completed. As such, he has not yet exhausted his state remedies. Not only are remedies available in state court, Petitioner is actively pursuing them. Petitioner filed his Motion to Reopen

6

the instant Petition because he contends that "the state process has been ineffective to correct the violations of the Petitioner's federally protected rights and it has the Petitioner in a legal stranglehold. . . . This habeas action is the Petitioner's only legal recourse and he is asking this Honorable Court to excuse the exhaustion requirement."  Mot. to Reopen, p. 2.

An exception to the exhaustion requirement is made "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(citations omitted); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  The United States Court of Appeals for the Third Circuit has held that "our case law forecloses a District Court from excusing exhaustion 'unless state law *clearly forecloses* state court review of claims which have not previously been presented to a state court.'"  Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001)(quoting Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000)(emphasis in original)).  The record reveals that Petitioner has been continuously granted relief in the state court.  Moreover, Petitioner makes no argument to support his allegations that the state court has been ineffective in reviewing his claims.

Under certain circumstances, the United States Supreme

Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." Rhines v. Weber, 544 U.S. 269, 277-278 (2005). The Court specifically stated that the court should stay, rather than dismiss, a petition when a petitioner exhibits "reasonable confusion about whether a state filing would be timely" and thereby shows "good cause" for filing in federal court. Id. at 125 S.Ct. 1813-1814 (citing Pace). The United States Court of Appeals for the Third Circuit has provided that thirty days is a reasonable length of time to permit the filing of the post-conviction petition, and that petitioner should be given another thirty-day reasonable interval after the denial of that relief to return to federal court. Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). In the event that a petitioner fails to meet either time limit, however, the stay should be vacated nunc pro tunc. Id. at 154.[2]

This case has been stayed once before, at Petitioner's request. There will be no prejudice to Petitioner if the same course of action were followed because Petitioner has still not

---

[2] Although Crews was decided prior to the Supreme Court's decision in Rhines, which approved but limited the availability of the stay and abeyance procedure, Crews is consistent with Rhines in determining that such a stay should be conditioned on the petitioner returning to federal court within a reasonable time after exhaustion. Bowen v. Palakovich, No.CIV.A. 06-3378, 2007 WL 1056821, at *1 n.2 (E.D. Pa. Apr. 4, 2007)(quotations and citations omitted).

exhausted his state court remedies.  Although an examination of the record reveals some delay in the state court proceedings, some of the delay can be attributed to Petitioner himself.  This Court has checked the docket sheet for Petitioner's case pending in the Superior Court, and the appeal is still active as of the date of this Report and Recommendation.  Petitioner has been granted his wish to proceed pro se in that court, and he submitted his appellate brief on June 4, 2007.  The Commonwealth's brief is due to be filed on July 3, 2007.  It is respectfully recommended that the instant Petition should again be stayed in order that Petitioner may exhaust his state court remedies.

        Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this 26th day of June, 2007, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus should be held in abeyance pending Petitioner's exhaustion of his claims in the Pennsylvania state courts. Within thirty days of the conclusion of the state court proceedings, including any appellate proceedings related thereto, Petitioner should be ordered to notify the Court that those proceedings are concluded and the case is ready to proceed in this Court.

BY THE COURT:


/s/ Henry S. Perkin
HENRY S. PERKIN
United States Magistrate Judge